Receipt number AUSFCC-7436736

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 1. | Adkins, Nathaniel | |
| 2. | Bailey, Alvin | Case No.  21-2066 C |
| 3. | Bailey, Brian | Judge _____ |
| 4. | Bainer, Joseph | |
| 5. | Bazell, Derek | |
| 6. | Becker, Aaron | |
| 7. | Bishop, Jerry | |
| 8. | Blankenship, Austin | |
| 9. | Blankenship, John | |
| 10. | Bledsoe, Charles | |
| 11. | Boggs, James | |
| 12. | Boggs, Tyler | |
| 13. | Bonner, Lucas | |
| 14. | Bowles, Robert | |
| 15. | Bowling, Cody | |
| 16. | Boyd, Christopher | |
| 17. | Bradford, April | |
| 18. | Brandt, Timothy | |
| 19. | Breeding, John II | |
| 20. | Brown, Gary | |
| 21. | Burgess, Joshua | |
| 22. | Calver, Ashley | |
| 23. | Campbell, Christopher | |
| 24. | Carroll, John | |
| 25. | Carter, Jason | |
| 26. | Caskey, Brian | |

27.     Cathell, Seth

28.     Caudill, Chadwic

29.     Caudill, William

30.     Chapman, Darrell

31.     Chapman, Justin

32.     Clark, Stacey

33.     Coburn, Kenneth

34.     Copley, Blake

35.     Cordle, James

36.     Cox, Richard

37.     Crank, Adam

38.     Damron, Christopher

39.     Davis, Benjamin

40.     Davis, Robert II

41.     Dean, Brian

42.     Dever, Jared

43.     Diller, Douglas

44.     Dixon, Raymond

45.     Dixon, Ronnie

46.     Douthat, Greta

47.     Douthat, Ryan

48.     Esque, Caleb

49.     Evans, Jordan

50.     Farley, Christopher

51.     Ferguson, Jeffrey

52.     Ferguson, Jonathon

53.     Flannery, Thomas

54. Ford, Shad

55. Franklin, John

56. Frazer, Keith

57. Frye, Rick

58. Frye, Robert

59. Gallian, Frank

60. Gerald, Brandon

61. Guy, Jason

62. Hall, Dustin

63. Hamilton, Brad

64. Hamilton, Shawn

65. Hammack, Harry Jr.

66. Hanshaw, Joseph

67. Hanshaw, Travis

68. Hadney, Matthew

69. Harris, Brady

70. Harris, Kersten

71. Herren, Zachary

72. Holmes, Brian

73. Hopper, Mark

74. Hostetler, Chloe

75. Hunt, Waylon

76. Hupp, Robert

77. Hutchinson, Matthew

78. Ingles, Daniel

79. Johnson, Bradley

80. Johnson, Kerry

81.     Keeling, Brandon

82.     Kelley, Constance

83.     Kerstetter, Bailey

84.     Kidd, Wade

85.     Koster, Beth

86.     Kouns, Linsey

87.     Lange, Michael

88.     Lawless, Sean

89.     Legg, Austin

90.     Lewis, Jason

91.     Literal, Tim

92.     Lopez, Richard III

93.     Mannon, Jeremy

94.     Mansur, Sabrina

95.     Martin, Tanner

96.     Mayes, Ricky

97.     McCallister, Michelle

98.     McConnell, Paul II

99.     McCormick, Todd

100.    McCoy, Garrick

101.    McCoy, Travis

102.    Mercer, Josh

103.    Messer, Rick

104.    Miller, Robert

105.    Mitchell, Michael

106.    Mondini, Michael

107.    Mullis, James

108.     Murphy, Kimberly

109.     Newman, Corey

110.     Newman, Derek

111.     Newsome, Michael

112.     Noble, Jeremy

113.     Nolan, Kenneth

114.     Patton, Austin

115.     Patton, John

116.     Pemberton, John

117.     Pendleton, Bradley

118.     Perkins, Tamara

119.     Perry, Lenvel II

120.     Powell, Khristopher

121.     Price, Jonathon

122.     Primm, Sean

123.     Ramsey, Donald

124.     Ratcliff, Brady

125.     Reed, Shawn

126.     Reinhold, Cody

127.     Robbins, Michael

128.     Robinson, James

129.     Robinson, Mark

130.     Ross, Bradley

131.     Ross, Brian

132.     Russell, Dewayne

133.     Sallie, Kelly

134.     Scaggs, William

5

135.     Seagraves, Jamie

136.     Sexton, Tyler

137.     Sisler, Andrew

138.     Skidmore, Jeremy

139.     Skidmore, Susan

140.     Smith, Brian

141.     Smith, Charles

142.     Smith, David

143.     Smith, Matthew

144.     Stanley, Rusty

145.     Stevens, Derrick

146.     Stevens, James

147.     Stevens, Wesley

148.     Stewart, Kurt

149.     Tague, Brian

150.     Thompson, John

151.     Thornsberry, Jeremy

152.     Thornsbury, Adam

153.     Tobias, Wes

154.     Todd, James

155.     Travis, Zach

156.     Turner, Michael

157.     Vance, James

158.     Vannatter, Zachary

159.     Varney, John

160.     Virgin, Kavin

161.     Vitiello, Jeffery

162.    Waugh, Nicholas

163.    Webb, Bryan

164.    Webb, Christopher

165.    Wheeler, David

166.    White, Mark

167.    White, Michael

168.    Whitley, Beverly

169.    Williams, Michael

170.    Williams, Michael

171.    Willis, Timothy

172.    Wolfe, Brandon

173.    Woods, Adam

174.    Woods, Jeremy

175.    Woofter, Joshua

176.    Wylie, Robert

177.    Wynn, Ricky


Plaintiffs,


v.


THE UNITED STATES

Defendant

## COMPLAINT

1.      The plaintiffs are current and former employees employed by the defendant United States Government at the U.S. Department of Justice, Bureau of Prisons, at the Federal Correctional Institution ("FCI") Ashland in Ashland, Kentucky (hereinafter "FCI Ashland" or "Institution"). Plaintiffs bring this action for a declaratory judgment, damages and other relief, pursuant to 29 U.S.C. § 216(b), 29 U.S.C. § 1331, 28 U.S.C. § 1346(a)(2) and 1491, 5 U.S.C. §§ 5545(d), 5343(c)(4), 5596 (the Back Pay Act), and the overtime provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, to remedy the defendant's willful and unlawful violations of law complained of herein.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2), 28 U.S.C. § 1491, 28 U.S.C. § 1331, 29 U.S.C. § 216(b), 5 U.S.C. § 5545(d), 5 U.S.C. § 5343(c)(4), 5 U.S.C. § 5596, and 28 U.S.C. § 2501.  Venue is proper pursuant to 28 U.S.C. § 1402.

## PARTIES

3.      Plaintiff Nathaniel Adkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Adkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Adkins is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Adkins worked in all housing units at FCI Ashland.  Plaintiff Adkins worked overtime in hospitals and performing prisoner transportation, where he was

8

further exposed to the novel corona virus.  Plaintiff Adkins received at least one memo advising him of possible or actual exposure to the novel corona virus.

4.     Plaintiff Alvin Bailey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Bailey has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bailey is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bailey worked in the F, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland, along with the Special Housing Unit.  He escorted COVID-positive inmates from point to point within the Institution.  Plaintiff Bailey worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Bailey never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Bailey contracted COVID-19.

5.     Plaintiff Brian Bailey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Pipefitter Supervisor, WS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Bailey has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Bailey is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Bailey worked in the C, F, G, J, and K

9

housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Bailey never received any memos advising him of possible or actual exposure to the novel corona virus.

6.      Plaintiff Joseph Bainer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Trust Fund Specialist, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Bainer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bainer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bainer worked in all housing units at FCI Ashland to work on inmate computers. Plaintiff Bainer received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Bainer contracted COVID-19.

7.      Plaintiff Derek Bazell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Bazell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bazell is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bazell worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland. Plaintiff Bazell worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Bazell never received any memos advising him of possible or actual exposure to the novel corona virus.

8.      Plaintiff Aaron Becker is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Becker has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Becker is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Becker worked in the Camp, C, E, F, H, J, and K housing units at FCI Ashland.  He escorted COVID-positive inmates from point to point within the Institution.  Plaintiff Becker worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Becker never received any memos advising him of possible or actual exposure to the novel corona virus.

9.      Plaintiff Jerry Bishop is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Bishop has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bishop is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bishop worked in the Camp, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Bishop worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Bishop never received any memos advising him of possible or actual exposure to the novel corona virus.

10.    Plaintiff Austin Blankenship is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Blankenship has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Blankenship is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Blankenship worked in all housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Blankenship worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Blankenship never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Blankenship contracted COVID-19.

11.    Plaintiff John Blankenship is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Utilities Systems Operator Repairer Supervisor, WS-7, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Blankenship has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Blankenship is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Blankenship worked in the power plant at FCI Ashland.   Plaintiff Blankenship worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Blankenship never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Blankenship contracted COVID-19.

12

12.     Plaintiff Charles Bledsoe is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Bledsoe has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bledsoe is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bledsoe worked in the C housing unit at FCI Ashland.   Plaintiff Bledsoe worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Bledsoe received at least one memo advising him of possible or actual exposure to the novel corona virus.

13.     Plaintiff James Boggs is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Boggs has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Boggs is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Boggs worked in the C, E, and F housing units at FCI Ashland. Plaintiff Boggs received two telephone calls from his department head advising him of possible or actual exposure to the novel corona virus.

14.     Plaintiff Tyler Boggs is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Unicor Maintenance Foreman, WS-9, Step 3, at FCI Ashland.  At various times within the last

six years, plaintiff Boggs has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff Boggs is entitled to "environmental differential pay"

for each such day.  At all times relevant herein, plaintiff Boggs worked in the HB housing unit at

FCI Ashland.  Plaintiff Boggs never received any memos advising him of possible or actual

exposure to the novel corona virus, and plaintiff Boggs contracted COVID-19.

    15.    Plaintiff Luke Bonner is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Procurement and Property Specialist, GS-9, Step 5, at FCI Ashland.  At various times

within the last six years, plaintiff Bonner has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Bonner is entitled to "hazardous duty pay" for each such day.  At all

times relevant herein, plaintiff Bonner worked in all housing units at FCI Ashland, along with

the Special Housing Unit.  Plaintiff Bonner delivered commissary to every unit in the

Institution.  Plaintiff Bonner worked overtime in hospitals and performing prisoner

transportation, where he was further exposed to the novel corona virus.  Plaintiff Bonner

received at least one memo advising him of possible or actual exposure to the novel corona virus.

    16.    Plaintiff Robert Bowles is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Sports Specialist, GS-9, Step 6, at FCI Ashland.  At various times within the

last six years, plaintiff Bowles has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Bowles is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bowles worked in all housing units at FCI Ashland.   Plaintiff Bowles received at least one memo advising him of possible or actual exposure to the novel corona virus.

17.   Plaintiff Cody Bowling is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Bowling has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bowling is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bowling worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.   Plaintiff Bowling worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Bowling never received any memos advising him of possible or actual exposure to the novel corona virus.

18.   Plaintiff Christopher Boyd is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Vocational Training Specialist, GS-9, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Boyd has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Boyd is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Boyd worked in the Camp, E, F, G, J, K, and R housing units at FCI Ashland.   Plaintiff Boyd received at least one memo advising him of possible or actual exposure to the novel corona virus.

15

19.    Plaintiff April Bradford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Bradford has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Bradford is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Bradford worked in the C, D, E, F, G, H, JA, JB, KA, and KB housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Bradford worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Bradford received at least one memo advising her of possible or actual exposure to the novel corona virus.

20.    Plaintiff Timothy Brandt is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Brandt has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brandt is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Brandt worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.   Plaintiff Brandt worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Brandt never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Brandt contracted COVID-19.

21.    Plaintiff John Breeding, II is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff Breeding has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Breeding is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Breeding worked compound and corridor duty, which brought him into every housing unit at the Institution.   Plaintiff Breeding worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Breeding received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Breeding contracted COVID-19.

22.    Plaintiff Gary Brown is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Brown has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Brown is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Brown worked in the C, D, E, F, JA, JB, KA, and KB housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Brown worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Brown received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Brown contracted COVID-19.

23.    Plaintiff Joshua Burgess is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Secretary, GS-6, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Burgess has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Burgess is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Burgess worked in the C, D, E, F, H, J, and R housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Burgess worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Brown received at least one memo advising him of possible or actual exposure to the novel corona virus.

24.    Plaintiff Ashley Calver is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Calver has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Calver is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Calver worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland. Plaintiff Calver worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Calver received at least one memo advising her of possible or actual exposure to the novel corona virus.

25.    Plaintiff Chris Campbell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Maintenance Worker Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Campbell has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Campbell is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Campbell worked in all housing units at FCI Ashland.   Plaintiff Campbell worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Campbell never received any memos advising him of possible or actual exposure to the novel corona virus.

26.    Plaintiff John Carroll is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Carroll has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Carroll is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Carroll worked in the Camp, C, D, E, F, J, K, and R housing units at FCI Ashland.  Plaintiff Carroll worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Carroll never received any memos advising him of possible or actual exposure to the novel corona virus.

27.    Plaintiff Jason Carter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Budget Analyst, GS-9, Step 10, at FCI Ashland.  At various times within the last six

19

years, plaintiff Carter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Carter is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Carter delivered commissary to every housing unit at FCI Ashland.  Plaintiff Carter worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Carter received at least one memo advising him of possible or actual exposure to the novel corona virus.

28.    Plaintiff Brian Caskey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Caskey has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Caskey is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Caskey worked in the inside laundry division at FCI Ashland.   Plaintiff Caskey never received any memos advising him of possible or actual exposure to the novel corona virus.

29.    Plaintiff Seth Cathell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Cathell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cathell is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Cathell worked in all housing units at FCI Ashland.   Plaintiff Cathell worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Cathell received at least one memo advising him of possible or actual exposure to the novel corona virus.

30.    Plaintiff Chadwic Caudill is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-11, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Caudill has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Caudill is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Caudill worked in the C and H housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Caudill received one telephone call from the Institution advising him of possible or actual exposure to the novel corona virus.

31.    Plaintiff William Caudill is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Caudill has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Caudill is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Caudill worked the rear gate at FCI Ashland.   Plaintiff Caudill worked multiple overtime shifts, where he was further exposed to the novel corona virus.

Plaintiff Caudill never received any memos advising him of possible or actual exposure to the novel corona virus.

32.   Plaintiff Darrell Chapman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Chapman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Chapman is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Chapman worked in multiple housing units at FCI Ashland. Plaintiff Chapman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Chapman never received any memos advising him of possible or actual exposure to the novel corona virus.

33.   Plaintiff Justin Chapman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Wood Working Machine Operator, WS-8, Step 4, at FCI Ashland.  At various times within the last six years, plaintiff Chapman has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Chapman is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Chapman worked in multiple housing units at FCI Ashland.   Plaintiff Chapman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.

Plaintiff Chapman never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Chapman contracted COVID-19.

34.    Plaintiff Stacey Clark is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-7, Step 8, at FCI Ashland.  At various times within the last six years, plaintiff Clark has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Clark is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Clark worked in the training center and front entrance at FCI Ashland.   Plaintiff Clark received at least one memo advising her of possible or actual exposure to the novel corona virus.

35.    Plaintiff Kenneth Coburn is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Power Plant Operator, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Coburn has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Coburn is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Coburn worked in the power plant at FCI Ashland.   Plaintiff Coburn worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Coburn never received any memos advising him of possible or actual exposure to the novel corona virus.

36.    Plaintiff Blake Copley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade

23

Unicor Machine Operator Supervisor, WS-8, Step 4, at FCI Ashland.  At various times within the last six years, plaintiff Copley has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Copley is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Copley worked in multiple housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Copley worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Copley never received any memos advising him of possible or actual exposure to the novel corona virus.

37.    Plaintiff James Cordle is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Cordle has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cordle is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cordle worked in all housing units at FCI Ashland.   Plaintiff Cordle worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Cordle never received any memos advising him of possible or actual exposure to the novel corona virus.

38.    Plaintiff Richard Cox is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCI Ashland.  At various times within the last six

24

years, plaintiff Cox has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Cox is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Cox worked in the Camp and all housing units at FCI Ashland, along with the Special Housing Unit. Plaintiff Cox worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Cox received at least one memo advising him of possible or actual exposure to the novel corona virus.

39.   Plaintiff Adam Crank is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Crank has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Crank is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Crank worked in the Camp and C, D, E, F, G, H, JA, JB, KA, KB, and R housing units at FCI Ashland.   Plaintiff Crank worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Crank never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Crank contracted COVID-19.

40.   Plaintiff Christopher Damron is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Damron has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Damron is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Damron worked in the Special Housing Unit and isolation range at FCI Ashland.   Plaintiff Damron worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Damron never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Damron contracted COVID-19.

41.    Plaintiff Benjamin Davis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Davis worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland. Plaintiff Davis worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Davis never received any memos advising him of possible or actual exposure to the novel corona virus.

42.    Plaintiff Robert Davis, II is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Davis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Davis is entitled to "hazardous duty pay" for each such day.  At all times relevant herein,

26

plaintiff Davis worked in the visiting room and the D housing unit at FCI Ashland, along with the Special Housing Unit.   Plaintiff Davis worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Davis never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Davis contracted COVID-19.

43.    Plaintiff Brian Dean is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Dean has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Dean is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Dean worked in the Camp Food Service unit at FCI Ashland.   Plaintiff Dean worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Dean never received any memos advising him of possible or actual exposure to the novel corona virus.

44.    Plaintiff Jared Dever is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Materials Handler Supervisor, WS-3, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Dever has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Dever is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Dever worked in the K housing unit at FCI

Ashland.   Plaintiff Dever worked multiple overtime shifts, where he was further exposed to the

novel corona virus.  Plaintiff Dever never received any memos advising him of possible or actual

exposure to the novel corona virus.

45.   Plaintiff Douglas Diller is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Powerhouse Foreman, WS-8, Step 5, at FCI Ashland.  At various times within the last six

years, plaintiff Diller has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff Diller is entitled to "environmental differential pay" for

each such day.  At all times relevant herein, plaintiff Diller worked in the powerhouse at FCI

Ashland.   Plaintiff Diller never received any memos advising him of possible or actual exposure

to the novel corona virus.

46.   Plaintiff Raymond Dixon is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Utility Systems Repairer Operator Foreman, WS-8, Step 5, at FCI Ashland.  At various

times within the last six years, plaintiff Dixon has been required to perform duties involving

unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C.

§ 5343(c)(4), and therefore, as detailed below, plaintiff Dixon is entitled to "environmental

differential pay" for each such day.  At all times relevant herein, plaintiff Dixon worked in the

powerhouse at FCI Ashland.   Plaintiff Dixon worked multiple overtime shifts, where he was

further exposed to the novel corona virus.  Plaintiff Dixon never received any memos advising

him of possible or actual exposure to the novel corona virus.

47.    Plaintiff Ronnie Dixon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 8, at FCI Ashland.  At various times within the last six years, plaintiff Dixon has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Dixon is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Dixon worked in the control unit and hospital at FCI Ashland.   Plaintiff Dixon worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Dixon received at least one memo advising him of possible or actual exposure to the novel corona virus.

48.    Plaintiff Greta Douthat is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Teacher, GS-11, Step 10, and also works as a Correctional Officer at FCI Ashland.  At various times within the last six years, plaintiff Douthat has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Douthat is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Douthat worked in the C, F, G, H, and HB (isolation) housing units at FCI Ashland, along with the Special Housing Unit (COVID-positive range). Plaintiff Douthat worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Douthat received at least one memo advising her of possible or actual exposure to the novel corona virus.

49.    Plaintiff Ryan Douthat is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule VT Training Instructor, GS-11, Step 10, and also works as a Correctional Officer at FCI Ashland.  At various times within the last six years, plaintiff Douthat has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Douthat is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Douthat worked in the visiting room and C housing unit at FCI Ashland, along with the Special Housing Unit.  Plaintiff Douthat received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Douthat contracted COVID-19.

50.    Plaintiff Caleb Esque is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Esque has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Esque is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Esque worked in all housing units at FCI Ashland.  Plaintiff Esque worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Esque never received any memos advising him of possible or actual exposure to the novel corona virus.

51.    Plaintiff Jordan Evans is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six

30

years, plaintiff Evans has been required to perform duties involving unusual physical hardship
and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff
Evans is entitled to "hazardous duty pay" for each such day.  At all times relevant herein,
plaintiff Evans worked in the Camp and C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing
units at FCI Ashland.  Plaintiff Evans worked multiple overtime shifts, where he was further
exposed to the novel corona virus.  Plaintiff Evans never received any memos advising him of
possible or actual exposure to the novel corona virus.

52.    Plaintiff Christopher Farley is an employee of Defendant United States of America
pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a
General Schedule Safety Specialist, GS-9, Step 8, at FCI Ashland.  At various times within the
last six years, plaintiff Farley has been required to perform duties involving unusual physical
hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,
plaintiff Farley is entitled to "hazardous duty pay" for each such day.  At all times relevant
herein, plaintiff Farley worked in all housing units at FCI Ashland.  Plaintiff Farley never
received any memos advising him of possible or actual exposure to the novel corona virus.

53.    Plaintiff Jeffrey Ferguson is an employee of Defendant United States of America
pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a
General Schedule Correctional Officer, GS-5, Step 10, at FCI Ashland.  At various times within
the last six years, plaintiff Ferguson has been required to perform duties involving unusual
physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as
detailed below, plaintiff Ferguson is entitled to "hazardous duty pay" for each such day.  At all
times relevant herein, plaintiff Ferguson worked in the C, D, E, F, G, H, J, K, and R housing

31

units at FCI Ashland.  Plaintiff Ferguson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Ferguson received at least one memo advising him of possible or actual exposure to the novel corona virus.

54.   Plaintiff Jonathan Ferguson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Ferguson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ferguson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Ferguson worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.  Plaintiff Ferguson worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Ferguson received at least one memo advising him of possible or actual exposure to the novel corona virus.

55.   Plaintiff Thomas Flannery is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Education Specialist, GS-9, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Flannery has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Flannery is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Flannery worked in the C, D, E, F, G, JB, K, and R housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Flannery worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel

corona virus.  Plaintiff Flannery received at least one memo advising him of possible or actual exposure to the novel corona virus.

56.    Plaintiff Shad Ford is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Worker, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Ford has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Ford is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Ford worked in the Camp and C housing unit at FCI Ashland, along with the Special Housing Unit.   Plaintiff Ford worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Ford never received any memos advising him of possible or actual exposure to the novel corona virus.

57.    Plaintiff John Franklin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Franklin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Franklin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Franklin worked in the C, D, E, G, HA, HB, and R housing units at FCI Ashland. Plaintiff Franklin worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Franklin received at least one telephone call advising him of possible or actual exposure to the novel corona virus.

33

58.   Plaintiff Keith Frazer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Cook Foreman, WS-8, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Frazer has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Frazer is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Frazer worked in all housing units at FCI Ashland.   Plaintiff Frazer worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Frazer received at least one memo advising him of possible or actual exposure to the novel corona virus.

59.   Plaintiff Rick Frye is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Special Learning Needs Teacher, GS-11, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Frye has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Frye is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Frye worked in the B, C, F, and H housing units at FCI Ashland, specifically including the COVID-positive ranges.   Plaintiff Frye received at least one memo advising him of possible or actual exposure to the novel corona virus.

60.   Plaintiff Robert Frye is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six

years, plaintiff Frye has been required to perform duties involving unusual physical hardship and

hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Frye is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff

Frye worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.   Plaintiff Frye

worked multiple overtime shifts, where he was further exposed to the novel corona virus.

Plaintiff Frye received at least one memo advising him of possible or actual exposure to the

novel corona virus.

61.    Plaintiff Frank Gallian is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six

years, plaintiff Gallian has been required to perform duties involving unusual physical hardship

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Gallian is entitled to "hazardous duty pay" for each such day.  At all times relevant herein,

plaintiff Gallian worked "compound" and "corridor" at FCI Ashland, which brought him into

contact with every housing unit.   Plaintiff Gallian worked multiple overtime shifts, where he

was further exposed to the novel corona virus.  Plaintiff Gallian received at least one memo

advising him of possible or actual exposure to the novel corona virus, and plaintiff Gallian

contracted COVID-19.

62.    Plaintiff Brandon Gerald is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

General Schedule Correctional Officer, GS-7, Step 8, at FCI Ashland.  At various times within

the last six years, plaintiff Gerald has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Gerald is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Gerald worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Gerald worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Gerald received at least one memo advising him of possible or actual exposure to the novel corona virus.

63.    Plaintiff Jason Guy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Guy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Guy is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Guy worked in the Special Housing Unit at FCI Ashland.   Plaintiff Guy worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Guy received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Guy contracted COVID-19.

64.    Plaintiff Dustin Hall is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Electronics Technician, GS-11, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Hall has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Hall is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hall worked in the E, F, J, and K housing units at FCI Ashland.   Plaintiff Hall never received any memos advising him of possible or actual exposure to the novel corona virus.

65.   Plaintiff Brad Hamilton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Worker Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Hamilton has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hamilton is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Hamilton worked in all housing units at FCI Ashland.   Plaintiff Hamilton never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Hamilton contracted COVID-19.

66.   Plaintiff Shawn Hamilton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 8, at FCI Ashland.  At various times within the last six years, plaintiff Hamilton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hamilton is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hamilton worked in C, D, E, F, G, H, J, K, and R housing units at FCI Ashland. Plaintiff Hamilton worked multiple overtime shifts, where he was further exposed to the novel

corona virus.  Plaintiff Hamilton received at least one memo advising him of possible or actual exposure to the novel corona virus.

67.   Plaintiff Harry Hammack, Jr. is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Laundry Machine Operator Supervisor, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Hammack has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hammack is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Hammack worked in the laundry department at FCI Ashland and washed and delivered clothing to all housing units. Plaintiff Hammack never received any memos advising him of possible or actual exposure to the novel corona virus.

68.   Plaintiff Joseph Hanshaw is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Hanshaw has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hanshaw is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hanshaw worked in the Camp, Compound, and Special Housing Unit at FCI Ashland.   Plaintiff Hanshaw worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Hanshaw received at least one memo advising him of possible or actual exposure to the novel corona virus.

69.    Plaintiff Travis Hanshaw is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Hanshaw has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hanshaw is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hanshaw worked in the C, E, G, H, KA, KB, and R housing units at FCI Ashland.   Plaintiff Hanshaw worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Hanshaw received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Hanshaw contracted COVID-19.

70.    Plaintiff Matthew Hadney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Worker, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Hadney has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hadney is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Hadney worked in the H and J housing units at FCI Ashland.   Plaintiff Hadney never received any memos advising him of possible or actual exposure to the novel corona virus.

71.    Plaintiff Brady Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Harris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harris is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Harris worked in the G housing unit at FCI Ashland.   Plaintiff Harris worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Harris received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Harris contracted COVID-19.

72.    Plaintiff Kersten Harris is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Harris has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Harris is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Harris worked in the C and R housing units at FCI Ashland.   Plaintiff Harris worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Harris never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Harris contracted COVID-19.

73.    Plaintiff Zachary Herren is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 6, at FCI Ashland.  At various times within the last six years, plaintiff Herren has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Herren is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Herren worked in the Compound and E and H housing units at FCI Ashland.  Plaintiff Herren worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Herren received at least one memo advising him of possible or actual exposure to the novel corona virus.

74.    Plaintiff Brian Holmes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Holmes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Holmes is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Holmes worked in the G housing unit at FCI Ashland.   Plaintiff Holmes worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Holmes never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Holmes contracted COVID-19.

75.    Plaintiff Mark Hopper is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Hopper has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hopper is entitled to "hazardous duty pay" for each such day.  At all times relevant

herein, plaintiff Hopper worked in the Camp, Control Room, Rear Gate, and C, E, F, and H housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Hopper worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Hopper never received any memos advising him of possible or actual exposure to the novel corona virus.

76.    Plaintiff Chloe Hostetler is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Hostetler has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hostetler is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hostetler worked in the C, D, E, F, G, and R housing units at FCI Ashland.   Plaintiff Hostetler worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Hostetler never received any memos advising her of possible or actual exposure to the novel corona virus.

77.    Plaintiff Waylon Hunt is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Hunt has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hunt is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hunt worked in the C, D, G, J, and K housing units at FCI Ashland, along with the Special

Housing Unit.   Plaintiff Hunt worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Hunt received at least one memo advising him of possible or actual exposure to the novel corona virus.

78.    Plaintiff Robert Hupp is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Hupp has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Hupp is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Hupp worked in the D, E, G, HA, HB, JA, JB, KA, and R housing units at FCI Ashland. Plaintiff Hupp worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Hupp never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Hupp contracted COVID-19.

79.    Plaintiff Matthew Hutchinson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade General Maintenance Supervisor, WS-8, Step 4, at FCI Ashland.  At various times within the last six years, plaintiff Hutchinson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Hutchinson is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Hutchinson worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.   Plaintiff Hutchinson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to

the novel corona virus.  Plaintiff Hutchinson never received any memos advising him of possible or actual exposure to the novel corona virus.

80.    Plaintiff Daniel Ingels is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Ingels has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ingels is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Ingels worked in the Receiving and Discharge unit at FCI Ashland.   Plaintiff Ingels worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Ingels never received any memos advising him of possible or actual exposure to the novel corona virus.

81.    Plaintiff Bradley Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in the Camp and D, F, H, and J housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Johnson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel

corona virus.  Plaintiff Johnson never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Johnson contracted COVID-19.

82.    Plaintiff Kerry Johnson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Johnson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Johnson is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Johnson worked in all housing units at FCI Ashland.   Plaintiff Johnson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Johnson received at least one memo advising him of possible or actual exposure to the novel corona virus.

83.    Plaintiff Brandon Keeling is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Keeling has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Keeling is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Keeling worked in the corridor and multiple housing units at FCI Ashland.   Plaintiff Keeling worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Keeling never received any memos advising him of possible or actual exposure to the novel corona virus.

84.    Plaintiff Constance Kelley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Unit Secretary, GS-6, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Kelley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kelley is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kelley worked in the Camp and G, H, J, and K housing units at FCI Ashland. Plaintiff Kelley worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Kelley never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Kelley contracted COVID-19.

85.    Plaintiff Bailey Kerstetter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Psychology Technician, GS-6, Step 1, and also works (augmented) as a Correctional Officer, at FCI Ashland.  At various times within the last six years, plaintiff Kerstetter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kerstetter is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kerstetter worked in the E and F housing units at FCI Ashland.   Plaintiff Kerstetter never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Kerstetter contracted COVID-19.

86.    Plaintiff Wade Kidd is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Kidd has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Kidd is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kidd worked in the C, D (quarantine), E, F, G, H, J, K, and R housing units at FCI Ashland. Plaintiff Kidd worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Kidd never received any memos advising him of possible or actual exposure to the novel corona virus.

87.   Plaintiff Beth Koster is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Case Manager, GS-11, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Koster has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Koster is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Koster worked in the H housing unit at FCI Ashland.   Plaintiff Koster worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Koster received at least one memo advising her of possible or actual exposure to the novel corona virus.

88.   Plaintiff Linsey Kouns is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Kouns has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff

Kouns is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Kouns worked in the Camp and C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.   Plaintiff Kouns worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Kouns never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Kouns contracted COVID-19.

89.   Plaintiff Michael Lange is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Lange has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lange is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Lange worked in the D, F, H, and JB housing units at FCI Ashland.   Plaintiff Lange worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Lange received at least one memo advising him of possible or actual exposure to the novel corona virus.

90.   Plaintiff Sean Lawless is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Lawless has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Lawless is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Lawless worked in the Camp and C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R

housing units at FCI Ashland.   Plaintiff Lawless worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Lawless received at least one telephone call advising him of possible or actual exposure to the novel corona virus.

91.   Plaintiff Austin Legg is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Legg has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Legg is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Legg worked in the Camp and C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.  Plaintiff Legg worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Legg never received any memos advising him of possible or actual exposure to the novel corona virus.

92.   Plaintiff Jason Lewis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Trust Fund/Warehouse Foreman, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Lewis has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Lewis is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Lewis worked in the laundry and commissary at FCI Ashland.   Plaintiff Lewis received at least one memo advising him of possible or actual exposure to the novel corona virus.

93.    Plaintiff Tim Literal is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Electric Shop Foreman, WS-9, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Literal has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Literal is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Literal worked in all housing units at FCI Ashland.   Plaintiff Literal worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Literal never received any memos advising him of possible or actual exposure to the novel corona virus.

94.    Plaintiff Richard Lopez, III is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Lopez has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Lopez is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff Lopez worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Lopez received at least one memo advising him of possible or actual exposure to the novel corona virus.

95.    Plaintiff Jeremy Mannon is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

50

General Schedule Recreation Specialist, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Mannon has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mannon is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mannon worked in the Control Room and General Population housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Mannon worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Specifically, plaintiff Mannon escorted COVID-19 positive inmates to the hospital from the Institution and remained at the hospital on the COVID floor with them.  Plaintiff Mannon never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Mannon contracted COVID-19.

96.    Plaintiff Sabrina Mansur is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Case Manager, GS-9, Step 6, at FCI Ashland.  At various times within the last six years, plaintiff Mansur has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mansur is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mansur worked in the Camp and C, E, F, H, and K housing units at FCI Ashland.   Plaintiff Mansur worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Mansur never received any memos advising him of possible or actual exposure to the novel corona virus.

97.    Plaintiff Tanner Martin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Martin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Martin is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Martin worked in the C, D, G, H, K, and R housing units at FCI Ashland.   Plaintiff Martin worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Martin received at least one memo advising him of possible or actual exposure to the novel corona virus.

98.    Plaintiff Ricky Mayes is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Mayes has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mayes is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mayes worked in the Camp, Corridor, and all housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Mayes worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Mayes received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Mayes contracted COVID-19.

99.   Plaintiff Michelle McCallister is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Food Services Administrative Assistant, GS-7, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff McCallister has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCallister is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff McCallister worked in the Food Service and Dining Hall, along with the D housing unit at FCI Ashland.   Plaintiff McCallister never received any memos advising her of possible or actual exposure to the novel corona virus.

100.   Plaintiff Paul McConnell, II is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff McConnell has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff McConnell is entitled to "environmental differential pay" for each such day.  At all times relevant herein, plaintiff McConnell worked in the G, JA, and JB housing units at FCI Ashland.   Plaintiff McConnell worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff McConnell never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff McConnell contracted COVID-19.

101.   Plaintiff Todd McCormick is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade Wood Working Foreman, WS-8, Step 2, at FCI Ashland.  At various times within the last

six years, plaintiff McCormick has been required to perform duties involving unusually severe

working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4),

and therefore, as detailed below, plaintiff McCormick is entitled to "environmental differential

pay" for each such day.  At all times relevant herein, plaintiff McCormick worked in the Unicor

Factory and C and D housing units at FCI Ashland.   Plaintiff McCormick worked multiple

overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff McCormick

received at least one memo advising him of possible or actual exposure to the novel corona virus,

and plaintiff McCormick contracted COVID-19.

102.  Plaintiff Garrick McCoy is an employee of Defendant United States of America

pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage

Grade HVAC Foreman, WS-9, Step 2, at FCI Ashland.  At various times within the last six

years, plaintiff McCoy has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and

therefore, as detailed below, plaintiff McCoy is entitled to "environmental differential pay" for

each such day.  At all times relevant herein, plaintiff McCoy worked in multiple housing units at

FCI Ashland.   Plaintiff McCoy worked multiple overtime shifts, where he was further exposed

to the novel corona virus.  Plaintiff McCoy received at least one memo advising him of possible

or actual exposure to the novel corona virus, and plaintiff McCoy contracted COVID-19.

103.  Plaintiff Travis McCoy is an employee of Defendant United States of America pursuant

to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six

years, plaintiff McCoy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff McCoy is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff McCoy worked in the C, G, and H housing units at FCI Ashland.   Plaintiff McCoy worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff McCoy received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff McCoy contracted COVID-19.

104.  Plaintiff Joshua Mercer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-7, Step 6, at FCI Ashland.  At various times within the last six years, plaintiff Mercer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mercer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mercer worked in the C, D, and E housing units at FCI Ashland, along with the Special Housing Unit.   Plaintiff Mercer worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Mercer never received any memos advising him of possible or actual exposure to the novel corona virus.

105.  Plaintiff Rick Messer is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Correctional Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Messer has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Messer is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Messer worked in the Front Entrance and F and H housing units at FCI Ashland. Plaintiff Messer worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Messer received at least one memo advising him of possible or actual exposure to the novel corona virus.

106.  Plaintiff Robert Miller is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 6, at FCI Ashland.  At various times within the last six years, plaintiff Miller has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Miller is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Miller worked in all housing units at FCI Ashland, along with the Special Housing Unit. Plaintiff Miller worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Miller received at least one memo advising him of possible or actual exposure to the novel corona virus.

107.  Plaintiff Michael Mitchell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Mitchell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mitchell is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mitchell worked in the Control Room and the Special Housing

Unit at FCI Ashland.   Plaintiff Mitchell worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Mitchell received at least one telephone call and/or email advising him of possible or actual exposure to the novel corona virus.

108.  Plaintiff Michael Mondini is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Mondini has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mondini is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Mondini worked in all housing units at FCI Ashland, along with the hospital. Plaintiff Mondini worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Mondini received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Mondini contracted COVID-19.

109.  Plaintiff James Mullis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff Mullis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Mullis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Bailey worked in the E, F, H, J, K, and R housing units at FCI Ashland.  Plaintiff Mullis

57

worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Mullis never received any memos advising him of possible or actual exposure to the novel corona virus.

110.  Plaintiff Kimberly Murphy is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Murphy has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Murphy is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Murphy worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland.  Plaintiff Murphy worked multiple overtime shifts, where she was further exposed to the novel corona virus.  Plaintiff Murphy never received any memos advising her of possible or actual exposure to the novel corona virus.

111.  Plaintiff Corey Newman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Accounting Technician, GS-6, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Newman has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Newman is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Newman worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Newman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to

the novel corona virus.  Plaintiff Newman never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Newman contracted COVID-19.

112.  Plaintiff Derek Newman is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff Newman has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Newman is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Newman worked in the H and K housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Newman worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Newman never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Newman contracted COVID-19.

113.  Plaintiff Michael Newsome is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Newsome has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Newsome is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Newsome worked in garage at FCI Ashland.  Plaintiff Newsome never received any memos advising him of possible or actual exposure to the novel corona virus.

114.  Plaintiff Jeremy Noble is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Sports Specialist, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Noble has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Noble is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Noble worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Noble worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Noble never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Noble contracted COVID-19.

115.  Plaintiff Kenneth Nolan is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Nolan has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Nolan is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Nolan worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland. Plaintiff Nolan worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Nolan never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Noble contracted COVID-19.

116.  Plaintiff Austin Patton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Patton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Patton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Patton worked in the Camp, C, E, G, JA, and K housing units at FCI Ashland.  Plaintiff Patton worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Patton never received any memos advising him of possible or actual exposure to the novel corona virus.

117.  Plaintiff John Patton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Case Manager, GS-11, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff Patton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Patton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Patton worked in the J housing units at FCI Ashland.  Plaintiff Patton worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Patton never received any memos advising him of possible or actual exposure to the novel corona virus

118.  Plaintiff John Pemberton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 3, at FCI Ashland.  At various times within the last

six years, plaintiff Pemberton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pemberton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Pemberton worked in the compound, corridor, and Special Housing Unit at FCI Ashland.  Plaintiff Pemberton worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Pemberton received at least one memo advising him of possible or actual exposure to the novel corona virus.

119.  Plaintiff Bradley Pendleton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Pendleton has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Pendleton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Pendleton worked in the C, D, E, F, G, HA, HB, J, KA, KB, JA, JB, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Pendleton worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Pendleton received at least one memo advising him of possible or actual exposure to the novel corona virus.

120.  Plaintiff Tamara Perkins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Perkins has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Perkins is entitled to "hazardous duty pay" for each such day. At various times within the last six years, plaintiff Perkins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Perkins is entitled to "hazardous duty pay" for each such day.  At all times relevant herein, plaintiff Perkins worked in the D housing units and the Special Housing Unit at FCI Ashland.  Plaintiff Perkins worked overtime in hospitals and performing prisoner transportation, where she was further exposed to the novel corona virus.  Plaintiff Perkins received at least one memo advising him of possible or actual exposure to the novel corona virus.

121.  Plaintiff Lenvel Perry, II is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Perry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Perry is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Perry worked in the G, R, and medical housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Perry worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Perry received at least one memo advising him of possible or actual exposure to the novel corona virus.

122.  Plaintiff Khristopher Powell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Powell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Powell is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Powell worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Powell worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Powell never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Powell contracted COVID-19.

123.  Plaintiff Jonathan Price is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Specialist, WS-4, Step 0, at FCI Ashland.  At various times within the last six years, plaintiff Price has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Price is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Price worked in the C, D, E, F, G, HA, HB, J, KA, KB, JA, JB, and R housing units at FCI Ashland. Plaintiff Price never received any memos advising him of possible or actual exposure to the novel corona virus.

124.  Plaintiff Sean Primm is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Recreation Specialist, GS-9, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Primm has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Primm is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Primm worked in the C, D, E, F, G, HA, HB, J, KA, KB, JA, JB, and R housing units at FCI Ashland, along with the Special Housing Unit and Recreation.  Plaintiff Primm worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Primm never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Primm contracted COVID-19.

125.  Plaintiff Donald Ramsey is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Ramsey has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ramsey is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ramsey worked in the Camp, C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Ramsey worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Ramsey received at least one memo advising him of possible or actual exposure to the novel corona virus.

126.  Plaintiff Brady Ratcliff is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General

Schedule Recreation Specialist, GS-9, Step 4, at FCI Ashland.  At various times within the last six years, plaintiff Ratcliff has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ratcliff is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ratcliff worked in the Camp, C, D, E, F, G, HA, HB, J, KA, KB, JA, JB, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Ratcliff worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Ratcliff received at least one memo advising him of possible or actual exposure to the novel corona virus.

127.  Plaintiff Shawn Reed is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Reed has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Reed is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Reed worked in the Camp housing unit at FCI Ashland. Plaintiff Powell never received any memos advising him of possible or actual exposure to the novel corona virus.

128.  Plaintiff Cody Reinhold is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Reinhold has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as

detailed below, plaintiff Reinhold is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Reinhold worked in the Camp, C, D, E, F, G, HA, HB, J, KA, KB, JA, JB, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Reinhold worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Reinhold Plaintiff Reinhold received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Reinhold contracted COVID-19.

129.  Plaintiff Michael Robbins is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Robbins has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Robbins is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Robbins worked in the Camp, C, D, E, F, G, HA, HB, J, KA, KB, JA, JB, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Robbins worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Robbins received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Robbins contracted COVID-19.

130.  Plaintiff James Robinson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Robinson has been required to perform duties involving

unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Robinson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Robinson worked in the C, D, F, K, and R housing units at FCI Ashland, along with the Special Housing Unit, Compound, and Camp.  Plaintiff Robinson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Robinson received six telephone calls from his department head advising him of possible or actual exposure to the novel corona virus.

131.  Plaintiff Mark Robinson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Recreation Specialist, GS-9, Step 4, at FCI Ashland.  At various times within the last six years, plaintiff Robinson has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Robinson is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Robinson worked in the Camp, C, D, E, F, H, J, KA, KB, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Robinson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Robinson received one telephone call from his department head advising him of possible or actual exposure to the novel corona virus.

132.  Plaintiff Bradley Ross is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Services Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Ross has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ross is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ross worked in Transportation and Processing at FCI Ashland, along with the Special Housing Unit.  Plaintiff Ross worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Ross never received any memos advising him of possible or actual exposure to the novel corona virus.

133.  Plaintiff Brian Ross is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Ross has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Ross is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Ross worked in the Camp, C, D, E, F, G, HA, HB, J, K, K, and R housing units at FCI Ashland, along with the Special Housing Unit and Compound 2.  Plaintiff Ross worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Ross never received any memos advising him of possible or actual exposure to the novel corona virus.

134.  Plaintiff Dewayne Russell is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Teacher, GS-11, Step 9, in addition to performing duties as a Correctional Officer, at FCI Ashland.  At various times within the last six years, plaintiff Russell has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Russell is entitled to "hazardous

duty pay" for each such day. At all times relevant herein, plaintiff Russell worked in the Camp, C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland, along with the Special Housing Unit. Plaintiff Russell worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Russell received at least one telephone call from his department head advising him of possible or actual exposure to the novel corona virus.

135.   Plaintiff Kelly Sallie is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Sallie has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Sallie is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Sallie worked in the Camp, C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland, along with the Special Housing Unit, Blue Room, Kitchen, and Hospital.  Plaintiff Sallie worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Sallie never received any memos advising him of possible or actual exposure to the novel corona virus.

136.   Plaintiff William Scaggs is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Scaggs has been required to perform duties involving unusual

physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Scaggs is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Scaggs worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Scaggs worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Scaggs received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Scaggs contracted COVID-19.

137.  Plaintiff Jamie Seagraves is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Seagraves has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Seagraves is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Seagraves worked in the C, G, H, and K housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Seagraves worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Seagraves never received any memos advising him of possible or actual exposure to the novel corona virus.

138.  Plaintiff Tyler Sexton is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Sexton has been required to perform duties involving unusual physical hardship

71

and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Sexton is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Sexton worked in the D, E, F, G, H, and K housing units at FCI Ashland, along with the Special Housing Unit and Compound.  Plaintiff Sexton received at least one memo advising him of possible or actual exposure to the novel corona virus.

139.  Plaintiff Andrew Sisler is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Sisler has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Sisler is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Sisler worked in the Kitchen at FCI Ashland.  Plaintiff Sisler worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.  Plaintiff Sisler never received any memos advising him of possible or actual exposure to the novel corona virus.

140.  Plaintiff Jeremy Skidmore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Skidmore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Skidmore is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Skidmore worked in the Special Housing Unit and Hospital at FCI

Ashland.  Plaintiff Skidmore worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Skidmore never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Skidmore contracted COVID-19.

141.  Plaintiff Susan Skidmore is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Education Technician, GS-7, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Skidmore has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Skidmore is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Skidmore worked in the Special Housing Unit and Command Center at FCI Ashland.  Plaintiff Skidmore never received any memos advising her of possible or actual exposure to the novel corona virus, and plaintiff Skidmore contracted COVID-19.

142.  Plaintiff Brian Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Smith worked in the Camp, C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Smith worked overtime in hospitals and performing prisoner

transportation, where he was further exposed to the novel corona virus. Plaintiff Smith never received any memos advising him of possible or actual exposure to the novel corona virus.

143.   Plaintiff Charles Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Smith worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Smith worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Smith never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Smith contracted COVID-19.

144.   Plaintiff David Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-6, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Smith worked in the E, G, H, KA, KB, and R housing units at FCI Ashland.  Plaintiff Smith worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Smith received at least one memo advising him of possible or actual exposure to the novel corona virus.

145.  Plaintiff Matthew Smith is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Smith has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Smith is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Smith worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Smith worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Smith received at least one memo advising him of possible or actual exposure to the novel corona virus.

146.  Plaintiff Rusty Stanley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Material Handler Supervisor, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Stanley has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stanley is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Stanley worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland, along with the Special Housing Unit, Compound, Camp, and Hospital.  Plaintiff Stanley worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Stanley never received any memos advising him of possible or actual exposure to the novel corona virus.

147.  Plaintiff Derrick Stevens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Electrical Foreman, WS-9, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Stevens has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stevens is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Stevens worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Stevens worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Stevens received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Stevens contracted COVID-19.

148.  Plaintiff James Stevens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Stevens has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stevens is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stevens worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit and Hospital.  Plaintiff Stevens worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Stevens never received any memos advising him of possible or actual exposure to the novel corona virus.

149.  Plaintiff Wesley Stevens is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule HVAC VT Instructor, GS-11, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Stevens has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Stevens is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Stevens worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Stevens never received any memos advising him of possible or actual exposure to the novel corona virus.

150.  Plaintiff Kurt Stewart is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Stewart has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Stewart is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Stewart worked in the Kitchen at FCI Ashland.  Plaintiff Stewart never received any memos advising him of possible or actual exposure to the novel corona virus.

151.  Plaintiff Brian Tague is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Supervisor, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Tague has been required to perform duties involving unusually severe working

conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Tague is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Tague worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland, along with the Camp and Perimeter. Plaintiff Tague never received any memos advising him of possible or actual exposure to the novel corona virus.

152.  Plaintiff John Thompson is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Materials Handler Supervisor, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Thompson has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Thompson is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Thompson worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Thompson never received any memos advising him of possible or actual exposure to the novel corona virus.

153.  Plaintiff Jeremy Thornsberry is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer, GS-7, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Thornsberry has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Thornsberry is entitled to "hazardous duty pay" for each such day. At all

78

times relevant herein, plaintiff Thornsberry worked in the C housing unit at FCI Ashland, along with the Compound and Control.  Plaintiff Thornsberry worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Thornsberry received at least one memo advising him of possible or actual exposure to the novel corona virus.

154.  Plaintiff Adam Thornsbury is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 9, at FCI Ashland.  At various times within the last six years, plaintiff Thornsbury has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Thornsbury is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Thornsbury worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Thornsbury worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Thornsbury received at least one memo advising him of possible or actual exposure to the novel corona virus.

155.  Plaintiff Wes Tobias is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Garage Foreman, WS-8, Step 0, at FCI Ashland.  At various times within the last six years, plaintiff Tobias has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Tobias is entitled to "environmental differential pay" for

each such day. At all times relevant herein, plaintiff Tobias worked in the Garage and Camp at FCI Ashland.  Plaintiff Tobias never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Tobias contracted COVID-19.

156.  Plaintiff James Todd is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Counselor, GS-9, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Todd has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Todd is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Todd worked in the E, F, JA, JB, KA, and KB housing units at FCI Ashland.  Plaintiff Todd worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Todd never received any memos advising him of possible or actual exposure to the novel corona virus.

157.  Plaintiff Zachary Travis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Unicor Warehouse Foreman, WS-4, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Travis has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Travis is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Travis worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Travis received at least one memo advising him of possible or actual exposure to the novel corona virus.

80

158.  Plaintiff Michael Turner is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade HVAC Foreman, WS-9, Step 2, at FCI Ashland.  At various times within the last six years, plaintiff Turner has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Turner is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Turner worked in the Special Housing Unit and HVAC at FCI Ashland.  Plaintiff Turner worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus.

159.  Plaintiff James Vance is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Vance has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Vance is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Vance worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the BPT, Camp, Compound, Control, Corridor, Front Entrance, Perimeter, Rear Gate, and Special Housing Unit.  Plaintiff Vance worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Vance received at least one telephone call advising him of possible or actual exposure to the novel corona virus.

160.  Plaintiff Zachary Vannatter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a

81

General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Vannatter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Vannatter is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Vannatter worked in the C, D, and G housing units at FCI Ashland.  Plaintiff Vannatter worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Vannatter never received any memos advising him of possible or actual exposure to the novel corona virus.

161.  Plaintiff John Varney is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Woodworking Machine Operator Foreman, WS-8, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff Varney has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Varney is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Varney worked in the G, HA, and HB housing units at FCI Ashland.  Plaintiff Varney worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Varney never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Varney contracted COVID-19.

162.  Plaintiff Kavin Virgin is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Tool Room Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last

six years, plaintiff Virgin has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Virgin is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Virgin worked in the Tool Room at FCI Ashland.  Plaintiff Virgin worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Virgin never received any memos advising him of possible or actual exposure to the novel corona virus.

163.  Plaintiff Jeff Vitiello is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-8, Step 7, at FCI Ashland.  At various times within the last six years, plaintiff Vitiello has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Vitiello is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Vitiello worked in the C, D, G, and H housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Vitiello worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Vitiello received at least one memo advising him of possible or actual exposure to the novel corona virus.

164.  Plaintiff Nicholas Waugh is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff Waugh has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Waugh is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Waugh worked in the C, D, E, F, G, H, J, K, and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Waugh worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Waugh never received any memos advising him of possible or actual exposure to the novel corona virus.

165.  Plaintiff Bryan Webb is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Webb has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Webb is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Webb worked in Receiving and Discharge at FCI Ashland.  Plaintiff Webb worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Webb never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff Webb contracted COVID-19.

166.  Plaintiff Christopher Webb is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-7, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Webb has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Webb is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Webb worked in the R housing unit and FCI Ashland, along with the Perimeter. He

escorted COVID-positive inmates from point to point within the Institution. Plaintiff Webb worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Webb never received any memos advising him of possible or actual exposure to the novel corona virus.

167.  Plaintiff David Wheeler is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Education Specialist, GS-11, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Wheeler has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wheeler is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Wheeler worked in the C, D, F, and H housing units at FCI Ashland, along with the Compound, Corridor, and Special Housing Unit.  Plaintiff Wheeler worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Wheeler received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Wheeler contracted COVID-19.

168.  Plaintiff Mark White is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff White has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff White is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff White worked in the Kitchen at FCI

Ashland.  Plaintiff White worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff White never received any memos advising him of possible or actual exposure to the novel corona virus, and plaintiff White contracted COVID-19.

169.  Plaintiff Michael White is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Electronics Technician, GS-11, Step 3, at FCI Ashland.  At various times within the last six years, plaintiff White has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff White is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff White worked in the E, F, J, and K housing units at FCI Ashland. Plaintiff White worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff White never received any memos advising him of possible or actual exposure to the novel corona virus.

170.  Plaintiff Beverly Whitley is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  She is currently employed as a General Schedule Education Specialist, GS-11, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Whitley has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Whitley is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Whitley worked in the Camp Control at FCI Ashland.  Plaintiff Whitley worked multiple overtime shifts, where she was further exposed to the novel corona

virus. Plaintiff Whitley received at least one telephone call from her department head advising her of possible or actual exposure to the novel corona virus.

171.  Plaintiff Michael Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Williams is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Williams worked in the D and R housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Williams worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Williams received at least one memo advising him of possible or actual exposure to the novel corona virus, and plaintiff Williams contracted COVID-19.

172.  Plaintiff Michael Williams is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Maintenance Worker, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Williams has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Williams is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Williams worked in the Camp at FCI Ashland.  Plaintiff Williams never received any memos advising him of possible or actual exposure to the novel corona virus.

173.  Plaintiff Timothy Willis is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Systems Officer, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Willis has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Willis is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Willis worked in the C, D, G, H, and R housing units at FCI Ashland.  Plaintiff Willis worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Willis received at least one memo advising him of possible or actual exposure to the novel corona virus.

174.  Plaintiff Brandon Wolfe is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Plumbing Foreman, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Wolfe has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Wolfe is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Wolfe worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Wolfe worked multiple overtime shifts, where he was further exposed to the novel corona virus.  Plaintiff Wolfe received at least one telephone call and email from his department head advising him of possible or actual exposure to the novel corona virus, and plaintiff Wolfe contracted COVID-19.

175.  Plaintiff Adam Woods is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a Wage Grade Cook Foreman, WS-8, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Woods has been required to perform duties involving unusually severe working conditions or unusually severe hazards within the meaning of 5 U.S.C. § 5343(c)(4), and therefore, as detailed below, plaintiff Woods is entitled to "environmental differential pay" for each such day. At all times relevant herein, plaintiff Woods worked in the Kitchen and Camp at FCI Ashland.  Plaintiff Woods worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Woods never received any memos advising him of possible or actual exposure to the novel corona virus.

176.  Plaintiff Jeremy Woods is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 10, at FCI Ashland.  At various times within the last six years, plaintiff Woods has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Woods is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Woods worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Woods worked overtime in hospitals and performing prisoner transportation, where he was further exposed to the novel corona virus. Plaintiff Woods received at least one telephone call and email from his department head advising him of possible or actual exposure to the novel corona virus.

177.  Plaintiff Joshua Woofter is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Religious Services Assistant, GS-7, Step 5, at FCI Ashland.  At various times within the last six years, plaintiff Woofter has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Woofter is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Woofter worked in the C, E, F, G, H, J, and K housing units at FCI Ashland, along with the Special Housing Unit.  Plaintiff Woofter never received any memos advising him of possible or actual exposure to the novel corona virus.

178.  Plaintiff Robert Wylie is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Correctional Officer, GS-5, Step 1, at FCI Ashland.  At various times within the last six years, plaintiff Wylie has been required to perform duties involving unusual physical hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below, plaintiff Wylie is entitled to "hazardous duty pay" for each such day. At all times relevant herein, plaintiff Wylie worked in the C, D, E, F, G, HA, HB, JA, JB, KA, KB, and R housing units at FCI Ashland.  Plaintiff Wylie worked multiple overtime shifts, where he was further exposed to the novel corona virus. Plaintiff Wylie received at least one memo advising him of possible or actual exposure to the novel corona virus.

179.  Plaintiff Ricky Wynn is an employee of Defendant United States of America pursuant to Title 5 of the United States Code and the FLSA.  He is currently employed as a General Schedule Senior Officer Specialist, GS-8, Step 9, at FCI Ashland.  At various times within the

last six years, plaintiff Wynn has been required to perform duties involving unusual physical

hardship and hazards within the meaning of 5 U.S.C. § 5545(d), and therefore, as detailed below,

plaintiff Wynn is entitled to "hazardous duty pay" for each such day. At all times relevant herein,

plaintiff Wynn worked in the K housing unit at FCI Ashland, along with the Special Housing

Unit and Perimeter.  Plaintiff Wynn worked overtime in hospitals and performing prisoner

transportation, where he was further exposed to the novel corona virus. Plaintiff Wynn received

at least one memo advising him of possible or actual exposure to the novel corona virus.

180.  Each of the plaintiffs in this action is, or has been, an "employee" within the meaning

of Title  5 of the U.S. Code, specifically 5 U.S.C. §§ 2105, 5102, and 5342, and within the

meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(e)(1).  Their consent to sue

forms are attached hereto as Exhibit "A".

181.  Each of the plaintiffs is a current or former correctional worker employed by the U.S.

Department of Justice, Bureau of Prisons, at FCI Ashland in Ashland, Kentucky.  They have

given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b),

and their consent to sue forms are attached as Exhibit A.  These written consent forms set forth

each plaintiff's name and home address.

182.  The defendant, United States of America, is and at all material times has been, an

employer under Title 5 of the U.S. Code, specifically 5 U.S.C. §§ 5102 and 5541.  In addition,

defendant United States of America is, and at all material times has been, a "public agency" and

"employer" within the meaning of the FLSA, 29 U.S.C. § 203(x) and § 203(d).  Defendant

employs, or has employed, the plaintiffs and other employees in similar activities and has its

principal place of business in Washington, D.C.

91

**FACTS**

183.    At all times relevant herein, plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

184.    At all times relevant herein, plaintiffs have been suffered or permitted to work, and have in fact worked, in excess of the hourly levels specified in the FLSA, 29 U.S.C. § 207. As a result, at all times relevant herein, plaintiffs have been entitled to overtime compensation at a rate of not less than one and one-half times their regular rates of pay for the hours of overtime they have worked.

185.    FCI Ashland houses approximately 1,110 inmates[1] in a low-security institution with an adjacent minimum security satellite camp.  Ashland's entire complex employs more than 250 BOP correctional staff who provide daily correctional services to inmates.

186.    FCI Ashland learned of its first positive COVID-19 test result of an inmate on April 3, 2020.  On April 7, 2020, the first staff member at FCI Ashland tested positive for COVID-19.  As of September 23, 2021, at least 321 inmates and 89 staff had recovered from COVID-19.[2]  Between December 9, 2020, and December 29, 2020, 6 inmates at FCI Ashland died of complications related to COVID-19.

187.  Unlike many Government employees, plaintiffs cannot work remotely, even during a pandemic.  This is because FCI Ashland must be physically staffed 24 hours per day, 365 days per year with correctional workers, including plaintiffs.

---

[1] FCI Ashland (bop.gov) (Last visited September 21, 2021).
[2] Although the BOP's website lists the total inmates "recovered" as 298, this number is suspect, given that an article published in *The Daily Independent* on December 30, 2020 also used the BOP website as their source and at that time, the BOP reported 321 recovered inmates.

92

188.   Plaintiffs are charged with the primary job duty of maintaining the safety and security of the Institution at all times, in significant part by coming into close physical proximity with inmates and other correctional workers.

189.   The posts and/or positions to which plaintiffs have been assigned within the Institution involve prolonged, close-quarters exposure to coworkers and/or inmates, often in indoor or enclosed settings with inadequate ventilation or personal protective equipment.

**The Novel Corona Virus 2019**

190.   COVID-19 is a disease caused by infection with the Novel Corona Virus SARS-CoV-2.

191.   The Virus spreads most commonly "between people who are in close contact with one another" through droplets and aerosols "produced when an infected person coughs, sneezes, sings, talks, or breathes." *See* Ctrs. for Disease Control (CDC), Frequently Asked Questions, "Spread," https://www.cdc.gov/coronavirus/2019-ncov/faq.html#Spread. It "can also land on surfaces and objects and be transferred by touch." *Id.*

192.   SARS-CoV-2 is a virus which, when introduced to the body, is likely to cause serious disease or fatality.

The Centers for Diseases Control and Prevention ("CDC") has determined that COVID-19, the disease caused by the infection of SARS-CoV-2 meets the definition for "severe acute respiratory syndromes" as set forth in Executive Order 13295, as amended by Executive Orders 13375 and 13674, and, therefore, is a "quarantinable communicable disease."  See Office of Pers. Mgmt., CPM 2020-05, Coronavirus Disease 2019 (COVID-19): Additional Guidance (March 7, 2020), available at https://www.chcoc.gov/content/coronavirus-disease-2019-covid-19-additional-guidance.  COVID-19 can cause symptoms ranging from mild illness to severe

illness.  See Coronavirus Disease 2019 (COVID-19), Symptoms of Coronavirus, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited June

3, 2021).

193.  COVID-19 is often fatal.  More than 4,863,818 people worldwide, including more than

714,000 in the United States, have died from COVID-19.  See Coronavirus disease (COVID-19)

pandemic, World Health Organization ("WHO"),

https://www.who.int/emergencies/diseases/novel-coronavirus-2019 (last visited October 13,

2021); Coronavirus Disease 2019 (COVID-19), Cases in the U.S., CDC,

https://www.cdc.gov/coronavirus/2019-ncov/cases-updates/cases-in-us.html (last visited October

13, 2021).

194.  COVID-19 spreads "very easily from person to person" and has been characterized as a

pandemic by WHO.  Coronavirus Disease 2019 (COVID-19), How COVID-19 Spreads, CDC,

https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/how-covid-spreads.html (last

visited October 13, 2021).

195.  SARS-CoV-2 can be spread by touching infected objects or surfaces and by breathing

in areas where an infected person has coughed or exhaled.  As WHO explains, "the virus can

spread from an infected person's mouth or nose in small liquid particles when cough, sneeze,

speak, sing, or breathe heavily... The virus can also spread after infected people sneeze, cough

on, or touch surfaces, or objects, such as tables, doorknobs, and handrails."  Coronavirus disease

(COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-

detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "How does COVID-19 spread

between people?") (Last updated Oct. 20, 2020).

196.  According to researchers at the National Institutes of Health, SARS-CoV-2 can persist on surfaces for up to three (3) days.  Study suggests new coronavirus may remain on surfaces for days, Nat'l Institutes of Health, https://www.nih.gov/news-events/nih-research-matters/study-suggests-new-coronavirus-may-remain-surfaces-days (Mar. 24, 2020).  Accordingly, contact with an infected object or surface may present a risk of transmission for days from the time the object or surface becomes infected.

197.  A person who is infected with SARS-CoV-2 may not present symptoms immediately. Rather, there is an "incubation period" in which a person is infected but has not begun to present symptoms.  According to the WHO, "[t]he time from exposure to COVID-19 to the moment when symptoms begin is, on average, 5-6 days and can range from 1-14 days."  Q&A on coronavirus (COVID-19), WHO (Apr. 17, 2020), https://www.who.int/news-room/q-a-detail/q-a-coronaviruses (open "How long does it take to develop symptoms?") (last updated Oct. 20, 2020).

198.  An infected person may spread SARS-CoV-2  before he or she begins to present significant symptoms.  As the WHO explains, "[w]hether or not they have symptoms, infected people can be contagious and the virus can spread from them to other people.  Laboratory data suggests that infected people appear to be most infectious just before they develop symptoms (namely 2 days before they develop symptoms) and early in their illness."  Coronavirus disease (COVID-19): How is it transmitted? (July 9, 2020), https://www.who.int/news-room/q-a-detail/coronavirus-disease-covid-19-how-is-it-transmitted (open "When do infected people transmit the virus?") (last updated Oct. 20, 2020).

199.  Correctional facilities present an especially hazardous environment for the spread of virulent biologicals such as SARS-CoV-2.  As United States Department of Justice ("DOJ"), Office of the Inspector General ("OIG") has explained, and according to the CDC, "the confined nature of correctional facilities, combined with their congregant environments, heighten[s] the potential for COVID-19 to spread once introduced into a facility."  Pandemic Response Report 21-012, Remote Inspection of Federal Medical Center Fort Worth, DOJ OIG (Dec. 15, 2020), available at https://oig.justice.gov/sites/default/files/reports/20-012.pdf; see also Pandemic Response Report 21-032, Remote Inspection of Federal Transfer Center Milan (Jan. 28, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-032.pdf.

200.  The CDC has also observed that "[c]orrectional and detention facilities face unique challenges in the control of COVID-19." COVID-19 Management Assessment and Response Tool (CMAR) for Correctional and Detention Facilities, CDC, CS 320395-A at 1 (Nov. 19, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/community/Manage-Assess-Response-Tool-508.pdf.  "Facilities include custody, housing, education, recreation, healthcare, food service, and workplace components in congregate settings, where recommended physical/social distancing may often be impractical."  Id.

201.  SARS-CoV-2 can spread in the air through droplets.

202.  SARS-CoV-2 can spread through aerosolization of the virus into the air.

203.  A single one-millimeter droplet may carry as many as ~50,000 viruses in case of a viral load of $10^8$ per milliliter respiratory fluid, which is realistic and higher than the estimated infectious dose for SARS-CoV-2.[3]

204.  Aerosols are physically defined as airborne solid or liquid particles with diameters smaller than 100 μm, which can remain suspended over extended periods of time. In medical studies, however, a threshold diameter of 5 μm has often been used to distinguish between a so-called "aerosol mode" and a "droplet mode".[4]

205.  Enrichment of viruses in the aerosol mode can enhance their transmission because smaller particles remain suspended for a longer time, leading to stronger accumulation and dispersion in the air.

206.  Aerosols have higher airborne virus concentrations, inhaled virus numbers, and infection risks – especially in densely occupied rooms with poor ventilation and long periods of exposure.

207.  Moreover, small aerosol particles have a higher penetration rate and higher probability of reaching the lower respiratory tract. [5]

[3] M. Imai, K. Iwatsuki-Horimoto, M. Hatta, S. Loeber, P. J. Halfmann, N. Nakajima, T. Watanabe, M. Ujie, K. Takahashi, M. Ito, S. Yamada, S. Fan, S. Chiba, M. Kuroda, L. Guan, K. Takada, T. Armbrust, A. Balogh, Y. Furusawa, M. Okuda, H. Ueki, A. Yasuhara, Y. Sakai-Tagawa, T. J. S. Lopes, M. Kiso, S. Yamayoshi, N. Kinoshita, N. Ohmagari, S. I. Hattori, M. Takeda, H. Mitsuya, F. Krammer, T. Suzuki, Y. Kawaoka, Syrian hamsters as a small animal model for SARS-CoV-2 infection and countermeasure development. Proc. Natl. Acad. Sci. U.S.A. 117, 16587–16595 (2020). doi:10.1073/pnas.2009799117pmid:32571934
[4] N. H. L. Leung, D. K. W. Chu, E. Y. C. Shiu, K.-H. Chan, J. J. McDevitt, B. J. P. Hau, H.-L. Yen, Y. Li, D. K. M. Ip, J. S. M. Peiris, W.-H. Seto, G. M. Leung, D. K. Milton, B. J. Cowling, Respiratory virus shedding in exhaled breath and efficacy of face masks. Nat. Med. 26, 676–680 (2020). doi:10.1038/s41591-020-0843-2pmid:32371934
[5] https://doi.org/10.1126/science.abg6296

## THE NOVEL CORONA VIRUS AT FCI ASHLAND

208.  As of October 12, 2021, 321[6] inmates and inmates at FCI Ashland were confirmed to

have contracted the virus and recovered, along with 98 staff members.  Additionally, 6 inmates

have died from COVID-19.

209.   The defendant is in exclusive possession of relevant personnel files, records, and

information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions,

and work assignments.

210.   Defendant also retains records reflecting the names of employees and inmates who

have had COVID-19, when they had COVID-19, and their locations in the Institution during that

time of infection and potential infection.

211.  Each BOP facility has a daily roster of assignments for correctional workers, from

which their location and movements throughout the day can be shown, as well as records

reflecting the location and COVID-19 status of inmates at the Institution.  These records, as well

as other evidence in the defendant's exclusive custody and control, will readily demonstrate

plaintiffs' close proximity to the virulent biological COVID-19.

212.  BOP released the first memo cautioning about COVID-19 on January 31, 2020 and

detailed screening procedures for newly arriving inmates with identified risk factors. By

---

[6] Although the BOP's website lists the total inmates "recovered" as 298, this number is suspect, given that an article
published in *The Daily Independent* on December 30, 2020 also used the BOP website as their source and at that
time, the BOP reported 321 recovered inmates.  (see https://www.dailyindependent.com/news/fci-covid-positive-
death-toll-hits-6/article_8690F32e-4ad0-11eb-8a46-9b514cd0.html.  Also, as of October 12, 2021, the number of
inmates with at least one positive COVID-19 test was 366.

February 29, 2020, another memo from the BOP Medical Director was published warning institutions of a possible pandemic and to begin enacting their pandemic plans.[7]

213.  Despite the existence of these memos, Agency personnel at Ashland refused to allow the Union President to take inventory of on-hand personal protective equipment ("PPE").

214.  When Ashland staff were finally provided with PPE, they were issued one (1) N95 respirator each.  This is woefully inadequate, as the CDC recommends that, in the extremely limited circumstances that an N95 mask MUST be re-used, it should be re-used no more than five (5) times.[8]

215.  The OIG maintains an interactive website of COVID trends and testing trends at BOP facilities.  This website shows that widespread testing of inmates did not begin at Ashland until November of 2020.

216.  Numerous staff absences during the COVID-19 outbreak at Ashland forced some institution staff to work longer shifts—in some instances as much as 40 hours straight – and to move between COVID-positive units and non-COVID-positive units, potentially becoming vectors of transmission[9].

217.    Both before and during the documented outbreak of COVID-19 among the inmates and correctional workers at the Institution, plaintiffs have been assigned to individual posts and/or positions within the Institution for each shift.  Defendant maintains a record of each

---

[7] Jeffery D. Allen, M.D., Medical Director to All Clinical Directors, All Heath Services Administrators, All Quality Improvement/Infection Prevention Coordinators, February 29, 2020, *Guidance Update for Coronavirus Disease 2019 (COVID-19)*, Health Services Division, Federal Bureau of Prisons, Department of Justice.
[8] See *Strategies for Optimizing the Supply of N95 Respirators*, cdc.gov/coronavirus/2019-ncov/hcp/respirators-strategy/index.html (last visited October 12, 2021).
[9] https://www.dailyindependent.com/news/fci-covid-positive-death-toll-hits-6/article_8690f32e-4ad0-11eb-8a46-9b514c109cd0.html

plaintiff's employment and daily assignments, going back to the plaintiff's first assignment within the Institution.  Accordingly, defendant knows the posts and/or positions to which each plaintiff has been assigned on a daily basis going back at least six years from today.

218.    After Ashland identified a COVID-19 positive inmate on April 3, 2020, the complex went on lockdown, restricting inmates to their cells or housing units. Notwithstanding this effort, Ashland experienced a large-scale spread of COVID-19 within its facility, whose physical layout makes it inherently difficult to socially distance inmates.

219.    Specifically, inmates in six of the FCI housing units live in two-man cells, while inmates in the J and K units live in "open bay" dormitories in which inmate beds are in close proximity and are adjacent to shared communal spaces.  In the R housing unit, there are 108 people housed in one long room with bunk beds 3 feet apart.  There is literally no possibility of social distancing under these conditions.

220.    When the COVID-19 outbreak first happened, infected inmates were housed in the Special Housing Unit.  When the number of inmates with COVID-19 exceeded the capacity of the SHU, the Institution's gym was used as additional quarantine.  Once the number of infected individuals surpassed the gym's capacity, any attempt to quarantine the infected individuals was halted and entire units were "locked down" as COVID-19 was left to run its course through those units.

221.    BOP memos called for immediate isolation of symptomatic and COVID-19 positive inmates as early as February 29, 2020 and the Pandemic Influenza Plan that is regularly in place advises to separate those who are sick[10].

222.    Correctional staff and inmates in the housing units were not immediately advised of the inmates' positive results or instructed to wear appropriate PPE, including N95 respirators, goggles, gloves, and gowns, for close contact with COVID-19 infected individuals consistent with BOP guidance.

223.    Staff who were in close contact with inmates suspected or confirmed to have COVID-19 did not have access to an N95 respirator at the beginning of the Ashland outbreak in mid- to late March despite a February 29, 2020 BOP directive and attached inmate screening tool that made clear that such staff should wear an N95 respirator.

224.  FCI Ashland did not immediately separate COVID positive inmates from their cell mates or open bay mates who had pending test results.

225.  COVID-19, or the Novel Corona Virus, is spread via airborne droplets which can remain in the air for multiple minutes after each breath an infected individual takes, and can settle on surfaces and live for multiple hours.

226.  Employees who worked around inmates were inevitably exposed to these droplets which meet the definition of a viral biological and micro-organism.

---

[10] Pandemic Influenza Plan, Module 1: Surveillance and Infection Control [unpublished training material]. Washington D.C.: Department of Justice, Federal Bureau of Prisons, 2012.

227.  Plaintiffs regularly interact with inmates and come into close proximity or direct physical contact with members of the inmate population on a daily basis.  For example, whether at an assigned post or otherwise traveling within the Institution, plaintiffs are responsible for performing inmate "pat downs" requiring close proximity and direct physical contact with inmates.  Plaintiffs must also participate in other searches (e.g., of inmate living quarters) which put them in close proximity and physical contact with inmates and their personal effects. Plaintiffs are also required to clean inmate cells of bodily fluids, and participate in prisoner transport to hospitals.

228.  Plaintiffs also come into close physical proximity with coworkers and inmates when performing daily job duties around the Institution, such as closely supervising inmates assigned to daytime activities ("work detail"), correcting inmate behavior, distributing equipment for use by inmates, escorting inmates throughout the Institution, and/or waiting in small, enclosed "sallyports" with coworkers and/or inmates.

229.  In addition, Plaintiffs come into close physical proximity and direct contact with coworkers when they engage in a required information and equipment exchange during the shift exchange process for the 24-hour posts.  During this exchange, the outgoing correctional worker provides a critical verbal briefing to the oncoming officer or other correctional worker regarding security incidents and inmate information obtained during the prior shift.  The outgoing correctional worker also hands off a set of shared but required security equipment - including radios, keys, and OC spray- to the oncoming correctional worker.

230.  For the non-24-hour posts, staff arrives in the Institution (going through x-ray machine, sally port, administration building, and control center), exchanges chits for equipment for keys,

OC spray, handcuffs, and repeats these steps at the end of the day/shift.  Regardless of post or assignments, plaintiffs must enter into the Institution for each shift, coming into close personal contact with coworkers and/or inmates, and physically touch equipment that is regularly handled by coworkers, including, but not limited to metal chains, metal accountability chits, keys, handcuffs, radios, and the radio charging stations located at each housing unit.

231.  Regardless of post or assignment, plaintiffs must also physically touch objects and surfaces throughout the Institution that are regularly handled by coworkers and inmates, including, but not limited to, door handles, security gates, cell doors, work stations/computes, logbooks, trash and trash receptacles, inmate effects and possessions, work tools, restroom surfaces, sinks and toilets, and other communal objects.

232.  Plaintiffs also work in close proximity to inmates and other coworkers potentially infected with COVID-19 when transporting prisoners in between institutions, when processing new arrivals and their personal effects, and when escorting new arrivals to points within FCI Ashland.  As the OIG has admitted, "[a]ny time prisoners are moved, there is an inherent risk that the prisoner could transmit COVID-19 to other parties including the transporting officials, other prisoners, and staff or inmates of the destination facility." Review of the United States Marshals Service's Response to the COVID-19 Pandemic, Audit Division 21-034, OIG (Feb. 3, 2021), available at https://oig.justice.gov/sites/default/files/reports/21-034.pdf.  "This is because of the necessary interactions between prisoners and staff that take place during transportation operations as well as the confined spaces of buses and aircraft, even when social distancing is encouraged."  *Id*.

233.  At FCI Ashland, correctional workers were not and are not informed of the COVID-19 status of all transported inmates, even when that status is known by the Agency.  Plaintiffs, as well as the Institution as a whole, are at substantial risk of SARS-CoV-2 exposure with every interaction with transported prisoners, every prisoner escorted, and every new arrival processed.

234.  The foregoing exposure to areas, objects, surfaces, and/or individuals infected with SARS-CoV-2was not taken into account in the classification of plaintiffs' positions.

235.  Defendant has not provided sufficient protective equipment nor measures to practically eliminate the hazard of exposure to SARS-CoV-2 at FCI Ashland.

236.  Plaintiffs work in close proximity to SARS-CoV-2at the Institution, and they have performed work that involves potential personal injury such as death, or temporary, partial, or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

237.  On April 1, 2020, the Federal Bureau of Prisons put the facility on "lock down" to try to stem the spread of the COVID-19 outbreak.

238.  During this lockdown, employees were assigned to 12 hour shifts, directly increasing the time spent being exposed to COVID-19.

239.  Common equipment, such as radios and keys, was not regularly sanitized.

240.  As of December 20, 2020, twenty-four (24) staff members had tested positive for COVID-19.  As of October 13, 2021, that number has increased to ninety-eight (98).

**HAZARD PAY**

241.  Plaintiffs Adkins, Alvin Bailey, Bainer, Bazell, Becker, Bishop, Austin Blankenship,

Beldsoe, James Boggs, Bonner, Bowles, Bowling, Boyd, Bradford, Brandt, Breeding, Brown,

Burgess, Calver, Carroll, Carter, Cathell, Chadwic Caudill, William Caudill, Darrell Chapman,

Clark, Cordle, Cox, Crank, Damron, Benjamin Davis, Robert Davis II, Ronnie Dixon, Greta

Douthat, Ryan Douthat, Esque, Evans, Farley, Jeffrey Ferguson, Jonathan Ferguson, Flannery,

Franklin, Rick Frye, Robert Frye, Gallian, Gerald, Guy, Hall, Shawn Hamilton, Joseph Hanshaw,

Travis Hanshaw, Brady Harris, Kersten Harris, Herren, Holmes, Hopper, Hostetler, Hunt, Hupp,

Ingels, Bradley Johnson, Kerry Johnson, Keeling, Kelley, Kerstetter, Kidd, Koster, Kouns,

Lange, Lawless, Legg, Mannon, Mansur, Martin, Mayes, McCallister, McCoy, Mercer, Messer,

Miller, Mitchell, Mondini, Mullis, Murphy, Corey Newman, Noble, Nolan, Patton, Pemberton,

Pendleton, Perkins, Perry, Powell, Primm, Ramsey, Ratcliff, Reed, Reinhold, Robbins, James

Robinson, Mark Robinson, Bradley Ross, Brian Ross, Russell, Scaggs, Seagraves, Sexton,

Skidmore, Brian Smith, Charles Smith, David Smith, Matthew Smith, James Stevens, Wesley

Stevens, Thornsberry, Thornsbury, Todd, Turner, Vance, Vannatter, Virgin, Vitiello, Waugh,

Bryan Webb, Christopher Webb, Wheeler, Michael White, Whitley, Michael Williams, Willis,

Jeremy Woods, Woofter, Wylie, and Wynn are all General Schedule Employees under 5 U.S.C.

§ 5545(d) and its regulations in 5 CFR 550 5 C.F.R. §§ 550.902

242.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 240 and

including paragraph 240 of this Complaint.

243.  Section 5545(d) of Title 5 of the U.S. Code provides that the United States Office of

Personnel Management (OPM) shall establish a schedule of pay differentials for duty by federal

employees involving unusual physical hardship or hazard. Section 5545(d) further provides that OPM prescribe "such minimum periods as it determines appropriate" during which an employee who performs duty involving physical hardship or hazard is entitled to hazardous duty pay.

244. Pursuant to Section 5545(d) of Title 5, OPM has issued regulations at 5 C.F.R. §§ 550.901-550.907 pertaining to hazardous duty pay. These regulations establish a schedule of hazardous pay differentials and provide, inter alia, that an employee who qualifies for hazardous duty pay shall be paid hazardous duty pay for each day that the employee is exposed to hazardous duty or physical hardship.

245. The schedule of hazardous duty pay differentials that OPM has established in regulations  5 C.F.R. §§ 550.901-550.907 provides that agencies shall pay hazardous duty pay to employees who are exposed to virulent biologicals, such as the Novel Corona Virus, to which plaintiffs have been exposed. They further provide that the hazardous duty pay differential which the agency shall pay the employees equals twenty-five percent (25%).

246. Since at least March 2020, through the present and continuing and ongoing, plaintiffs and others similarly situated have performed work with or in close proximity to the novel corona virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the virus without sufficient protective devices.

247. Although plaintiffs have been exposed to virulent biologicals, defendant has failed and refused, and continues to fail and refuse, to pay plaintiffs the twenty-five percent (25%) pay differential for each day that plaintiffs have been required to work in close proximity to COVID-19. By failing and refusing to pay plaintiffs a twenty-five percent (25%) pay differential on

these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and is continuing to violate, the provisions of Title 5 relating to hazardous duty pay at 5 U.S.C. § 5545(d).

248.  As a consequence of defendant's failure and refusal to pay plaintiffs hazardous duty pay at all times relevant herein, plaintiffs have been unlawfully deprived of hazardous duty pay and other relief for the maximum statutory period allowed under federal law.

249.  As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.  For example, the defendant is in exclusive possession of relevant personnel files and records reflecting plaintiffs' dates of hire/separation, job descriptions, and work assignments, as well as records reflecting the names of employees and inmates who have had COVID-19, when they had COVID-19, and their locations in the Institution during that time of infection and potential infection.

250.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

251.  Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

252.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them hazardous duty pay.

253.  Plaintiffs are also entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

254.  As a result of plaintiffs' performance of their official duties in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19, as alleged herein, plaintiffs have been exposed to "virulent biologicals" within the meaning of Subpart I of Part 550 of Title 5, Code of Federal Regulations, and hazardous micro-organisms within the meaning of Subpart E of Part 532 of Title 5, Code of Federal Regulations.

255.  Moreover, as a result of the Bureau's handling of the crisis, employees' duties were changed in an irregular manner which put the employees at even greater risk of contact with COVID-19.

256.  Defendant has not compensated plaintiffs with the hazardous duty pay differential for exposure to virulent biologicals as set forth in Appendix A to Subpart I of Part 550 of Title 5, Code of Federal Regulations, or the environmental differential for exposure to hazardous microorganisms set forth in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  Accordingly, defendant has failed to provide hazardous duty and environmental differential pay to plaintiffs when they work with or in close proximity to COVID-19 on objects, surfaces, and/or individuals infected with COVID-19 as required by 5 U.S.C. § 5545(d) and 5 U.S.C. § 5343(c)(4).

257.  Because defendant has failed to pay plaintiffs hazardous duty pay and/or environmental pay differentials, defendant has not included such pay when calculating plaintiffs' regular rates of pay for purposes of calculating and paying overtime compensation under the FLSA.

258.  By the nature of the term, pandemics are not usual, and pandemic response is not a usual duty considered with the occupations of named Plaintiffs.

259.  The pandemic and the response to the pandemic caused the Plaintiffs to work in unusually severe working conditions including the long overtimes, risk of infection by the novel corona virus, Inmate unrest due to high rates of inmate infections, and short staffing causing staff to work in unfamiliar positions.

260.  Each named employee was assigned to work and did perform work where they were under constant exposure to the novel corona virus.

### ENVIRONMENTAL DIFFERENTIAL PAY

261.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 240 and including paragraph 240 of this Complaint.

262.  Plaintiffs Brian Bailey, John Blankenship, Tyler Boggs, Campbell, Caskey, Justin Chapman, Coburn, Copley, Dean, Dever, Diller, Raymond Dixon, Ford, Frazer, Brad Hamilton, Hammack, Hapney, Hutchinson, Lewis, Literal, Lopez, McConnell, McCormick, Garrick McCoy, Derek Newman, Newsome, Price, Sallie, Stanley, Derrick Stevens, Stewart, Tague, Thompson, Tobias, Travis, Varney, Mark White, Michael Williams, Wolfe, and Adam Woods are all Wage Grade employees under 5 U.S.C. § 5341 *et seq.*, and its regulations in 5 C.F.R. § 532.101, *et seq.*

263.  Pursuant to 5 U.S.C. § 5343(c)(4), OPM has issued regulations regarding wage schedules and rates for prevailing rate employees which provide for environmental pay differentials for duty involving unusually severe working conditions or unusually severe hazards. See 5 C.F.R. § 532.511.

264.  The schedule of environmental differentials is contained in Appendix A to Subpart E of Part 532 of Title 5, Code of Federal Regulations.  See 5 C.F.R. § 532.511(d).

265.  The schedule of environmental differentials provides that agencies shall pay an eight percent (8%) environmental pay differential when employees perform work with or in close proximity to "micro-organisms which involves potential personal injury such as death, or temporary, partial or complete loss of faculties or ability to work due to acute, prolonged, or chronic disease" in situations where "the use of safety devices and equipment, medical prophylactic procedures such as vaccines and antiserums and other safety measures do not exist or have been developed but have not practically eliminated the potential for such personal injury" or a four percent (4%) environmental differential when employees perform work with or in close proximity to "micro-organisms in situations for which the nature of the work does not require the individual to be in direct contact with primary containers of organisms pathogenic for man" where "the use of safety devices and equipment and other safety measures have not practically eliminated the potential for personal injury."  5 C.F.R. Pt. 532, Subpt. E., App. A.

266.  The regulations provide that "[a]n employee entitled to receive an environmental differential shall be paid an amount equal to the percentage rate authorized by the Office of Personnel Management for the category in which the working condition or hazard falls, multiplied by the rate for the second step of WG-10 for the appropriated fund employees and NA-10 for the nonappropriated fund employees on the current regular non-supervisory wage schedule for the wage area for which the differential pay is payable, counting one-half cent and over as a whole cent."  5 C.F.R. § 532.511(b)(1).

110

267.  An employee entitled to an environmental differential on the basis of hours in a pay status "shall be paid for all hours in a pay status on the day on which he/she is exposed to the situation."  5 C.F.R. § 532.511(b)(3).

268.  Since at least April of 2020, through the present and continuing and ongoing, plaintiffs paid pursuant to the prevailing rate pay system and other similarly situated prevailing rate employees have performed work with or in close proximity to the Novel Corona Virus, including, without limitation, work performed with or in close proximity to facilities, rooms, offices, workspaces, equipment, objects, surfaces, and/or individuals infected with the Virus without sufficient protective devices.

269.  The defendant is in exclusive possession of relevant personnel files, records, and information, including, but not limited to, plaintiffs' dates of hire/separation, job descriptions, and work assignments.

270.  Defendant also retains records reflecting the names of employees and inmates who have had COVID-19 which is a disease that occurs due to the infection of the Novel Corona virus, when they had COVID-19 or potential/likely COVID-19 infection, and their locations in the Institution during that time.

271.  Each BOP facility has a daily roster of assignments for correctional workers, from which their location and movements throughout the day can be shown, as well as records reflecting the location and COVID-19 status of inmates at the Institution.

272.  These records, as well as other evidence in the defendant's exclusive custody and control, will readily demonstrate plaintiffs' close proximity to the virulent biological COVID-19.

273.  Defendant has failed, and continues to fail, to pay plaintiffs the eight or four percent environmental differential listed in Appendix A to Subpart E or Part 532 of Title 5, Code of Federal Regulations for each period when they have been exposed to COVID-19 through the performance of their official duties.

274.  By failing to pay plaintiffs the eight or four percent environmental differential on these occasions, and continuing to fail and refuse to pay plaintiffs for this hazardous duty, the defendant has violated, and continues to violate, the provisions of 5 U.S.C. § 5343(c)(4).

275.  As a consequence of defendant's failure to pay plaintiffs environmental differential pay, plaintiffs have been unlawfully deprived of environmental differential pay and other relief.

276.  As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.

277.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them an environmental differential.

278.  Plaintiffs are entitled to recover attorneys' fees and costs under the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## COUNT 3 - FLSA Regular Rate

279.  Plaintiffs re-allege and incorporate by reference herein paragraphs 1 through 240 and including paragraph 240 of this Complaint.

280.  Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of 40 hours in a week at the rate of one and one-half (1 ½) times an employee's "regular rate of pay."  In addition, Section 551.501 of the Code of Federal

Regulations, 5 C.F.R. § 551.501, provides that federal agency employers, such as the Bureau of Prisons, shall compensate their employees at a rate of not less than one and one-half (1 ½) times the employees' regular rate of pay for all hours of work in excess of eight (8) in a day and/or forty (40) in a work week.

281.  At all times relevant herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours in a week and/or eight (8) hours in a day and have been paid overtime pay for such work, defendant has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay.

282.  Defendant has violated the FLSA by failing to include hazardous duty pay and environmental pay differential payments owed to plaintiffs as set forth in Courts 1 and 2 above, in the regular rate of pay at which FLSA overtime is paid.

283.  The FLSA claim in this case is limited exclusively to the improper calculation of the regular rate of pay used by the defendant when it paid FLSA overtime pay to plaintiffs caused by the failure of the defendant to include hazardous duty and/or environmental pay differential payments, to which plaintiffs have been and continue to be entitled as explained by paragraphs 1- herein.

284.  By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, defendants has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  Therefore, at all times relevant herein, plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

285.  As a result of the defendant's willful and purposeful violations of Title 5, there has become due and owing to each plaintiff various amounts which have not yet been precisely determined.  The employment and work records, including each plaintiff's daily assignments within the Institution, are in the exclusive possession, custody and control of defendant and its public agencies, and plaintiffs are unable to state at this time the exact amounts owing to each of them.

286.  Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for defendant's failure to pay overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

287.  Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for defendant's failure to pay them overtime compensation at the correct rate on the occasions when defendant paid plaintiffs for overtime work.

288.  Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), and the Back Pay Act, 5 U.S.C. § 5596, as well as other applicable laws and regulations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that this Court:

(a)  Enter judgment declaring that defendant has willfully and wrongfully violated its statutory obligations and deprived each of the plaintiffs of their rights;

(b)  Order a complete and accurate accounting of all the compensation to which plaintiffs are entitled;

(c)  Award each plaintiff monetary damages, plus interest;

(d)     Award each plaintiff liquidated damages equal to the backpay awarded on their FLSA regular rate violation claims;

(e)     Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)     Grant such other relief as may be just and proper.


Respectfully submitted by:

WHITEHEAD LAW FIRM


   /s/ Jack K. Whitehead, Jr.
JACK K. WHITEHEAD, JR.. #17863
11909 Bricksome Avenue, Suite W-3
Baton Rouge, Kentucky  70816
Telephone: (225) 303-8600
Fax: (225) 303-0013
teamwhitehead@whitehead-law.com
*Attorney for Plaintiffs*